IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BM GLOBAL GROUP USA, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>BSN MEDICAL, INC., a Delaware company, and BSN MEDICAL, SA de CV, a Mexico entity,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PENDING MOTIONS AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br><br><br>Case No. 2:05-CV-821 TS |

This matter is before the Court on the following Motions: Defendant's[1] Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment;[2] Plaintiff's Motion for Summary Judgment;[3]

---

[1] The Motion is brought only by Defendant BSN Medical, Inc., referred to herein as Defendant. The Mexican entity has yet to be served in this case.

[2] This document is filed separately as a Motion to Dismiss at Docket No. 9, and as a Motion for Summary Judgment at Docket No. 15.

[3] Docket No. 17.

and Defendant's Rule 56(f) Motion.[4]  The Court, having reviewed the pleadings and the file, and having considered the procedural posture of this case, will deny, for now, all pending motions.

I.   DISCUSSION

    A.   Motion to Dismiss.

Defendant moves the Court to dismiss all six of Plaintiff's causes of action[5] for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  In considering Defendant's Motion to Dismiss, the Court must construe the Complaint in a light most favorable to plaintiffs, assuming all well-pleaded allegations to be true.[6]  The Court may dismiss Plaintiff's Complaint "only if it concludes that 'the plaintiff can prove no set of facts in support of [its] claim to entitle [it] to relief.'"[7]

It its 56(f) reply memorandum, Defendant states that no discovery is necessary to establish whether judgment as a matter of law is appropriate as to two of Plaintiff's six claims – the copyright infringement and trade secret misappropriation claims.[8]  However, it then states that "the elements of each of the other claims differs [sic] requiring more factual inquiry to establish if there are any genuine issues of material fact or if [Defendant] is entitled to judgment as a matter of law for these

---

[4] Docket No. 21.

[5] Misappropriation of Trade Secret, Misappropriation of Idea in Confidential Relationship, Breach of Express or Implied-in-Fact Contract, Quasi-Contract Action for Unjust Enrichment, Unfair Competition, and Copyright Infringement.

[6] *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

[7] *Id.* (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

[8] Docket No. 27, at 3.

claims as well."[9]  Therefore, given Defendant's stated position, the Court finds that the determination of a motion to dismiss as to the remaining four causes of action is unnecessary.  These causes of action state claims upon which relief may be granted.  The Court will consider the Motion as to the two grounds referenced above.

      1.  Copyright infringement.

The disputed issue regarding copyright infringement centers on the timing of the filing of this case.  Defendant argues that Plaintiff lacks standing to bring this suit because it was commenced prior to the registration or rejection of the copyright application.

The Court notes that the Circuits are split regarding whether the "Registration Approach" or the "Application Approach" controls.  The Tenth Circuit has adopted the Registration Approach.[10] Although the Tenth Circuit has acknowledged that "the registration system did not extinguish the automatic creation and recognition of copyrights,"[11] and "registration is not a condition of copyright infringement,"[12] it has clearly stated that "only upon registration or refusal to register is a copyright owner entitled to sue for copyright infringement under [17 U.S.C.] § 411.  Until those steps are followed and registration is 'made,' federal courts lack subject matter jurisdiction over the infringement claim."[13]  However, this case presents a unique factual twist.

---

[9] *Id.* at 4.

[10] *See La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195 (10th Cir. 2005).

[11] *Id.* at 1199.

[12] *Id.* (quoting 17 U.S.C. § 408(a)).

[13] *Id*. at 1200-1201.

This case was filed on September 30, 2005. The preceding day, Plaintiff submitted its application to the U.S. Copyright Office.[14] Later, on January 19, 2006, Plaintiff received a refusal letter with regard to that application. On January 27, 2006, Defendant was served after Plaintiff received a letter from the Copyright Registers Office wherein it was indicated that it would apparently be registering a claim in some respects.

In essence, Plaintiff's Complaint was filed prior to the jurisdictional triggering event, but service upon Defendant was not effected until after the prerequisite was satisfied. It is not clear whether this would satisfy the Tenth Circuit's Registration Approach. Therefore, the Court will grant Plaintiff leave to file an Amended Complaint to satisfy the time requirements imposed by the above-referenced statutory and case law authorities. Therefore, Defendant's Motion to Dismiss will be denied as to the copyright infringement claim.

2. Trade secret misappropriation.

The parties agree on the requisite elements for a plaintiff to prevail on a claim for trade secret misappropriation under Utah law: 1) the existence of a trade secret; 2) the communication or disclosure of which has been limited; and 3) the improper injury by misappropriation.[15] While the parties dispute the application of the facts to the law in this case, the Court finds that Plaintiff's Complaint does state a claim for trade secret misappropriation. Therefore, the Motion to Dismiss the trade secret misappropriation claim will be denied.

---

[14] Complaint at ¶ 96; Docket No. 1, at 18.

[15] *Microbiological Research Corp. v. Muna*, 625 P.2d 690, 696 (Utah 1981).

B.      Motions for Summary Judgment.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[16] In reviewing the record, the Court views the evidence and draws any inferences therefrom in the light most favorable to the party opposing summary judgment.[17] Conclusory allegations and subjective beliefs are insufficient to prevent the entry of summary judgment.[18]

Both parties have filed Motions for Summary Judgment. As noted above, Defendant has now stated that more factual inquiry is required to determine whether there are genuine issues of material fact on Plaintiff's claims.[19] The Court finds that there are numerous disputed issues of material fact presented by the parties at this early stage in the litigation, and that summary judgment is premature at this juncture. Therefore, the Court will deny both Motions for Summary Judgment, without prejudice to their refiling after more extensive discovery has been conducted.

C.      Rule 56(f) Motion.

Pursuant to Fed. R. Civ. P. 56(f), Defendant moves the Court for a 120-month extension of time in which to conduct initial discovery regarding four of Plaintiff's six claims – misappropriation

---

[16] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[17] *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 929 (10th Cir. 1994).

[18] *See Kelley v. Goodyear Tire and Rubber Co.*, 220 F.3d 1174, 1177 (10th Cir. 2000).

[19] *Id.* at 4.

of an idea in a confidential relationship, breach of contract, unjust enrichment, and unfair competition.  Given the Court's ruling herein, Defendant's Rule 56(f) Motion is moot.

II.     CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion to Dismiss (Docket No. 9) is DENIED.  It is further

ORDERED that Plaintiffs may file an Amended Complaint within ten (10) days of the date of this Order.  It is further

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 15) is DENIED, WITHOUT PREJUDICE.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 17) is DENIED, WITHOUT PREJUDICE.  It is further

ORDERED that Defendant's Rule 56(f) Motion (Docket No. 21) is DENIED AS MOOT.

SO ORDERED.

DATED this 16th day of November,  2006.

BY THE COURT:

_____
TED STEWART
United States District Judge